■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMELO FELICIANO, Appellant. — Judgment of the Supreme Court, New York County (B. Roberts, J.), rendered March 5, 1981 convicting defendant of two counts of manslaughter in the first degree and sentencing him to consecutive terms of not less than 8 years nor more than 25 years and not less than 2 years nor more than 6 years, unanimously modified to reduce the sentences to consecutive

terms of not less than 8 years nor more than 24 years and not less than 2 years and not more than 6 years and otherwise affirmed. Defendant pleaded guilty to two separate counts of manslaughter. At the time of plea the court, without committing itself to any specific course of action, indicated an intent to sentence defendant to consecutive terms, the aggregate of which would approximate a minimum of 10 years and a maximum of 30 years. On the date of sentence defendant was sentenced on one of the counts to a minimum of 8 years and a maximum of 25 years. Under section 70.02 (subd 1, par [a]) of the Penal Law, manslaughter in the first degree is a class B violent felony offense. Subdivision 4 of the same section requires that the minimum sentence imposed for a violent felony offense with certain exceptions "must be fixed by the court at one-third of the maximum term imposed". Since 8 is slightly less than one third of 25, we modify the sentence on that count to impose a minimum of 8 years and a maximum of 24 years. This does no violence to the intention of the sentencing Judge, and, indeed, brings it into conformity with his indicated purpose (see Penal Law, § 70.30, subd 1, pars [b], [c]). As to the sentence of a minimum of 2 years and a maximum of 6 years, we affirm. Concur — Sullivan, J. P., Silverman, Bloom, Fein and Alexander, JJ.