## (April 26, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENROY VIGO, Appellant. — Judgment, Supreme Court, Bronx County (Donald Zimmerman, J.), rendered December 23, 1980, convicting defendant, upon a jury verdict, of the crime of manslaughter in the first degree (Penal Law, § 125.20), and sentencing him: (1) to a prison term of not less than 5 years nor more than 25 years, and (2) to pay a fine of $1,500 by the end of the service of his minimum term or the date of his release on parole, whichever occurs sooner, and in lieu of payment of this fine that defendant serve an additional year in prison, is unanimously modified, on the law, the facts, and as a matter of discretion in the interests of justice, only to the extent of reducing the sentence to 5 to 15

years and striking the fine, and otherwise affirmed. ¶ The District Attorney commendably concedes that the sentence imposed on defendant of 5 to 25 years and the additional term of imprisonment for failure to pay the fine were illegal. The reasons are: (1) manslaughter in the first degree is a class B violent felony offense and the minimum term for a first felony offender "must be fixed by the court at one-third of the maximum term imposed" (Penal Law, § 70.02, subd 4); and (2) when the jail term for nonpayment of the fine is added together with the maximum term imposed, the resulting sentence exceeds "the maximum authorized term of imprisonment" (CPL 420.10, subd 3, par [d]) for this crime, which is 25 years (Penal Law, § 70.02, subd 3, par [a]). ¶ Our examination of the record discloses that the trial court intended to impose a minimum term of not more than five years, upon the basis that defendant, apart from his domestic difficulties which culminated in the stabbing of his wife, has "led an exemplary life". Therefore, in order to carry out the sentencing Judge's purpose and to conform the sentence to the law, we modify it as indicated (*People v Feliciano*, 92 AD2d 832). Concur — Murphy, P. J., Ross, Asch and Silverman, JJ.