■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT TOMASULLO, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Sharpe, J.), imposed March 11, 1983, upon his conviction of robbery in the third degree, on his plea of guilty, the sentence being an indeterminate term of 2½ to 5 years' incarceration.

Sentence modified, on the law, by reducing the sentence to an indeterminate term of 2 to 4 years' imprisonment. As so modified, sentence affirmed.

Our examination of the record discloses that the sentencing court intended to sentence defendant, as a predicate felon, to the minimum term authorized for his conviction of robbery in the third degree. The defendant's prior felony conviction was

also for robbery in the third degree. Robbery in the third degree is not classified as a violent D felony offense (*see,* Penal Law § 70.02 [1] [c]). Apparently under the mistaken belief that robbery in the third degree was a class D violent felony, the sentencing Judge, now deceased, imposed an indeterminate sentence of 2½ to 5 years' imprisonment. The latter is the minimum allowable sentence which could be imposed on a second *violent* felony offender for a class D *violent* felony offense (*see,* Penal Law § 70.04 [3] [c]; [4]). The minimum allowable sentence that could be imposed on defendant, as a second felony offender, for this class D felony conviction is an indeterminate term of 2 to 4 years' imprisonment (Penal Law § 70.06 [3] [d]; [4]). Consequently, we have modified the sentence in order to effectuate the intent of the sentencing Judge (*see, People v Malone,* 102 AD2d 737; *People v Vigo,* 100 AD2d 823; *People v Fernandez,* 99 AD2d 983). Mollen, P. J., Thompson, Bracken and Rubin, JJ., concur.