■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN TRAVIS, Appellant. [642 NYS2d 2] —Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered October 28, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree.

Defendant pleaded guilty to criminal possession of stolen property in the fourth degree after being charged with this crime as well as the crimes of burglary in the second degree and burglary in the third degree. As part of the plea bargain, defendant was to be sentenced to five years' probation, with the first four months to be spent in Sullivan County Jail and restitution to be a condition of probation. At the bail hearing, County Court advised defendant that if he did not appear for sentencing, the court would not honor the sentencing agreement. Defendant failed to appear for sentencing and the court sentenced him in absentia to a prison term of $1^1/_3$ to 4 years and imposed restitution in the sum of $9,390. Defendant argues that because County Court imposed a term of imprisonment and restitution, the sentence is illegal.

Defendant's reliance on CPL 420.10 (4) (a) is misplaced. That

section applies where a term of imprisonment is sought as the result of a defendant's failure to pay restitution which has been ordered. It provides that where a defendant has failed to pay restitution which has been ordered as the result of a felony conviction, the period of imprisonment may not exceed one year. Defendant in the case at hand has not yet failed to pay the restitution ordered by County Court and, hence, the enforcement provisions of CPL 420.10 are not at issue. Contrary to defendant's claim, CPL 420.10 does not prohibit a court from imposing a prison term and restitution upon a defendant who has been convicted of a felony. Rather, such sanctions are expressly authorized by Penal Law § 60.27 (1) (*see,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39; Penal Law § 60.27, at 191). Inasmuch as defendant has failed to cite compelling authority in support of his position (*see, e.g., People v Neff,* 110 AD2d 721; *People v Vigo,* 100 AD2d 823), we find nothing illegal about the sentence imposed by County Court.

Mikoll, J. P., Mercure, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.